INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL–CIO, Plaintiffs,

v.

LOCAL LODGE D296 OF THE CEMENT, LIME, GYPSUM AND ALLIED WORKERS, DIVISION of the INTERNATIONAL BROTHERHOOD of BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS and HELPERS, AFL–CIO; Ken Nixon, Individually and as President of Local Lodge D296; William P. Rice, Individually and as Recording Secretary of Local Lodge D296; and Daniel Larkin, Individually and as Financial Secretary of Local Lodge D296, Defendants.

No. CIV 87–174 TUC–RMB.

United States District Court, D. Arizona, Tucson Division.

May 5, 1988.

---

**470**

Michael J. Stapp, Blake & Uhlig, P.A., Kansas City, Kan., Gerald Barrett, Ward & Keenan, Ltd., Phoenix, Ariz., for plaintiffs.

Michael Katz, Meranze & Katz, Philadelphia, Pa., Walter Weber, Tucson, Ariz., for defendants.

## ORDER

BILBY, Chief Judge.

The following contains the Court's disposition of the Plaintiff's Motion for Summary Judgment in this union dispute. This case arose as a result of the disaffiliation of the Defendant Local Lodge from the Plaintiff International Brotherhood of Boilermakers (IBB) and its affiliation with the Independent Workers of North America (IWNA). The Defendants Nixon, Rice and Larkin were officers in the Local.

Plaintiff International Brotherhood of Boilermakers (IBB) has moved for summary judgment requesting that Local Lodge D296 be required to surrender all books, records, properties, funds and assets to IBB; seeking summary judgment in connection with its claims of Defendants' violation of fiduciary obligations and contractual claim regarding capita tax/division fund payments and reports. Defendants have filed an Opposition and Plaintiff a Response in this matter.

█ Under the constitution of the IBB signed by the Local Lodge, specifically Article V, Section 6 and Article XXXVI, Section 2, the funds in the hands of a local affiliate must be surrendered to the IBB should the local lodge no longer have a charter in the IBB. A Merger Agreement between the IBB and the United Cement, Lime, Gypsum and Allied Workers Union, the prior representatives of this local affiliate, provided that the locals should retain their own treasuries. However, the Merger Agreement does not supersede the IBB constitution. Furthermore, the Merger Agreement can be read in conjunction with the IBB constitution. Thus, the IBB is entitled to the books, records, properties, funds and assets.

█ In regard to the Defendant Officers Nixon, Rice and Larkin, the Court finds that these Defendants violated their fiduciary obligations to the IBB by refusing to surrender the assets of the local affiliate to the IBB. Once the local's charter was revoked, the local's property became the

property of the IBB. Because the Defendant officers refused to surrender the property, they have violated the fiduciary obligations imposed by 29 U.S.C. § 501(a). The Defendant officers agreed to abide by the IBB constitution pursuant to the Merger Agreement.

In regard to the per capita tax and the division fund payments for the months of July through December, 1986 and January, 1987, because the Local did not notify the IBB that it was forfeiting its charter, the Local was bound by the IBB constitution and its obligation continued until the charter was revoked in February, 1987. The total amount due for these months is $23,489.22. Furthermore, Plaintiff is entitled to monthly membership reports and quarterly audit reports for this time period.

Therefore, IT IS ORDERED that Local Lodge D296 shall surrender all books, records, properties, funds and assets to the IBB.

IT IS FURTHER ORDERED that summary judgment is GRANTED Plaintiff IBB in connection with its claims of the Defendant Officers' violation of fiduciary obligations.

IT IS FURTHER ORDERED that the Plaintiff IBB is entitled to recover $23,489.22 in capita tax/division fund payments.

IT IS FURTHER ORDERED that the Defendants provide IBB with monthly membership reports and quarterly audit reports for this time period.

IT IS FURTHER ORDERED that this case is DISMISSED.

IT IS FURTHER ORDERED that Counsel for Plaintiff is to submit an affidavit of attorney's fees.